# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

UNITED STATES OF AMERICA,
        Plaintiff,

-vs-                                                    Case No.  6:06-cv-820-Orl-18DAB

RICHARD C. MICHAEL, JEANNETTE B.
MICHAEL, CITIMORTGAGE, INC.,
WASHINGTON MUTUAL BANK, F.A.,
THE LAKOTA TRUST, BRUCE
THOMPSON, DEBBIE THOMPSON,
PROFESSIONAL HOLISTIC
HEALTHCARE TRUST, MITCH C.
WALLIS,
        Defendants.

---

## ORDER

THIS CAUSE comes before the Court upon *pro se* Defendants Richard C. Michael and

Jeannette B. Michael's Motion for Summary Judgment and Demand to Vacate Void Case for

Refusal to Produce Oath Qualifications and Bonds as Reqered [sic] by Law[1] (Doc. 56, filed

March 5, 2007) to which the United States responded in opposition.  (Doc. 58, filed March 29,

2007.)    After reviewing the motions and memoranda submitted by the parties, the Court

**DENIES** Richard C. Michael and Jeannette B. Michael's motion for summary judgment.[2]

---

[1]The Court treats this motion by *pro se* litigants as a motion for summary judgment.

[2]Defendants Richard C. Michael and Jeannette B. Michael previously filed two motions: a
Motion to Dismiss the Complaint (Doc. 20, filed August 22, 2006) and a Motion for Summary
Judgment (Doc. 29, filed September 13, 2006.)  Each of those motions was denied by this Court.
(respectively, Doc. 28, filed September 6, 2006; and Doc. 38, filed October 11, 2006.)

## I. BACKGROUND

The United States alleges that it made assessments of unpaid federal income taxes, penalties, and accrued interest against Mr. Michael for the tax years 1992, 1993, and 1994. Despite notice and demand, Mr. Michael has failed to pay these assessments. As of June 15, 2006, the United States claims that the balance due from Mr. Michael for federal income tax liabilities was $264,775.06.[3] Based on these claims, the United States commenced this action to reduce to judgment assessments of income tax made against Mr. Michael, to set aside fraudulent transfers of two parcels of real property, and to foreclose federal tax liens against the properties.[4] (Doc. 1, filed June 16, 2006.) Jeannette B. Michael, Mr. Michael's wife, has been named as a party because she claims or may claim an interest in the properties.

The Michaels assert that none of the IRS officials directly or indirectly associated with this case is authorized to act in an official capacity and allege that "all parties are no more than usurpers in office." (Doc. 56 at 2.) In addition, Mr. Michael argues that no law imposes an income tax against him. The Michaels request that this Court find that this is a frivolous action, grant summary judgment in their favor, sanction the Government's attorneys, "look into the criminal activity by [the] usurpers," and grant any other appropriate relief. (Id. at 15.)

---

[3]The United States has subsequently computed that Mr. Michael's debt to the United States, as of October 31, 2006, is $272,792.93. (Doc. 48-3, filed February 1, 2007.)

[4]The United States also filed a Motion for Partial Summary Judgment as to the outstanding income tax assessments against Mr. Michael. (Doc. 48, filed February 1, 2007.) In a separate order, the Court grants the United States' motion.

## II. DISCUSSION

### A. Summary Judgment Standard

A court will grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see, e.g., Stachel v. City of Cape Canaveral, 51 F. Supp. 2d 1326, 1329 (M.D. Fla. 1999). Material facts are those that may affect the outcome of the case under the applicable substantive law. Disputed issues of material fact preclude the entry of summary judgment, but factual disputes that are irrelevant or unnecessary do not. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of proving that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 324-25 (1986). In determining whether the moving party has satisfied its burden, the Court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). The moving party may rely solely on the pleadings to satisfy its burden. Celotex, 477 U.S. at 323-24. A non-moving party bearing the burden of proof, however, must go beyond the pleadings and submit affidavits, depositions, answers to interrogatories, or admissions that designate specific facts indicating there is a genuine issue for trial. Id. at 324. If the evidence offered by the non-moving party is merely colorable, or is not significantly probative, the Court may grant summary judgment. Anderson, 477 U.S. at 249-50.

-3-

Similarly, summary judgment is mandated against a party who fails to prove an essential element of its case. <u>Celotex</u>, 477 U.S. at 322.

### B. Analysis

The United States concedes that it bears the burden of proof at trial in a suit to collect taxes. (Doc. 58 at 3.) However, the Michaels, as the moving party, bear the initial burden on summary judgment of showing that there are no genuine issues of material fact.

The Michaels' motion and accompanying affidavit and exhibits contain a number of allegations that IRS officials did not have the authority to perform official acts and that Mr. Michael has never been shown that he is required to pay federal income tax. However, the Michaels do not provide any evidence in support of these allegations. The Eleventh Circuit has stated that "it is never enough simply to state that the non-moving party cannot meet its burden at trial." <u>Clark v. Coats & Clark, Inc.,</u> 929 F.2d 604, 608 (11th Cir. 1991). Thus, the Michaels have not met their initial burden of proving that there are no genuine issues of material fact regarding the authority of IRS officials to make assessments of unpaid federal income taxes, to record notices of federal tax liens, and to compute unpaid liabilities.

Accordingly, summary judgment is not appropriate.

## III.  CONCLUSION

For the foregoing reasons, Richard C. Michael and Jeannette B. Michael's motion for

summary judgment is **DENIED.**


**DONE** and **ORDERED** in Orlando, Florida on this ___7___ day of June, 2007.


**G. KENDALL SHARP**
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties