UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,
　　　　　Plaintiff,

-vs-　　　　　　　　　　　　　　　　　　　　　　Case No. 6:06-cv-820-Orl-18DAB

RICHARD C. MICHAEL, JEANNETTE B.
MICHAEL, CITIMORTGAGE, INC.,
WASHINGTON MUTUAL BANK, F.A.,
THE LAKOTA TRUST, BRUCE
THOMPSON, DEBBIE THOMPSON,
PROFESSIONAL HOLISTIC
HEALTHCARE TRUST, MITCH C.
WALLIS,
　　　　　Defendants.

## ORDER

THIS CAUSE comes before the Court upon the United States' Motion for Partial Summary Judgment and Supporting Memorandum (Doc. 48, filed February 1, 2007) to which Defendant Richard C. Michael did not respond. After consideration, the Court **GRANTS** the United States' motion for partial summary judgment.

### I. BACKGROUND

Mr. Michael did not file any income tax returns for the tax years 1992, 1993, and 1994. As a result, the Internal Revenue Service ("IRS") assessed its tax liabilities against Mr. Michael for his unpaid federal income taxes, penalties and interest for those years. Despite notice and demand, Mr. Michael has failed to pay these assessments. At the time the assessments were made, liens arose in favor of the United States against all of Mr. Michael's property rights. The

United States subsequently recorded notices of federal tax liens relating to the tax liabilities of Mr. Michael.

The United States initiated this action, pursuant to 26 U.S.C. §§ 7401 and 7403 to reduce to judgment the assessments of income tax made against Mr. Michael, to set aside fraudulent transfers of two parcels of real property, and to foreclose federal tax liens against the properties. (Doc. 1, filed June 16, 2006.) Jeannette B. Michael, Mr. Michael's wife, has been named as a party because she claims or may claim an interest in the properties.

The United States now moves for judgment against Mr. Michael in the amount of $272,792.93, plus interest and statutory additions from October 31, 2006, for his 1992, 1993, and 1994 federal income tax liabilities. In support of its motion, the United States has submitted a Certificate of Assessments and Payments (Doc. 48-2, filed February 1, 2007) and a Declaration by Larry T. McTaw, Sr., an Advisor/Reviewer employed by the IRS. (Doc. 48-3, filed February 1, 2007.) The Certificate of Assessments and Payments is signed and certified by an IRS officer, identifies Mr. Michael by name and taxpayer identification number, specifies that the tax liability pertains to a Form 1040, U.S. Individual Income Tax Return, identifies each tax year for which a liability has been assessed, and provides the date and amount of each assessment, payment, credit, and penalty, as well as the amount of accrued interest. (Doc. 48-2 at 1-7.)

## II. DISCUSSION

### *A. Summary Judgment Standard*

A court will grant summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see, e.g., Stachel v. City of Cape Canaveral, 51 F. Supp. 2d 1326, 1329 (M.D. Fla. 1999). Material facts are those that may affect the outcome of the case under the applicable substantive law. Disputed issues of material fact preclude the entry of summary judgment, but factual disputes that are irrelevant or unnecessary do not. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of proving that no genuine issue of material fact exists. Celotex Corp. v. Catrett, 477 U.S. 317, 324-25 (1986). In determining whether the moving party has satisfied its burden, the Court considers all inferences drawn from the underlying facts in a light most favorable to the party opposing the motion and resolves all reasonable doubts against the moving party. Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986). The moving party may rely solely on the pleadings to satisfy its burden. Celotex, 477 U.S. at 323-24. A non-moving party bearing the burden of proof, however, must go beyond the pleadings and submit affidavits, depositions, answers to interrogatories, or admissions that designate specific facts indicating there is a genuine issue for trial. Id. at 324. If the evidence offered by the non-moving party is merely colorable, or is not significantly probative, the Court may grant summary judgment. Anderson, 477 U.S. at 249-50.

Similarly, summary judgment is mandated against a party who fails to prove an essential element of its case. Celotex, 477 U.S. at 322.

*B. Analysis*

The United States argues that there are no genuine issues of material fact that Mr. Michael is indebted to the United States for 1992, 1993, and 1994 federal income tax liabilities in the amount of $272,792.93, plus interest from October 31, 2006, at the rate established by 26 U.S.C. § 6621. 26 U.S.C. § 6020(b)(1) provides that "[i]f any person fails to make any return required by any internal revenue law or regulation . . . the Secretary shall make such return from his own knowledge and from such information as he can obtain through testimony or otherwise." Moreover, a Certificate of Assessments and Payments submitted by the United States is accepted "as presumptive proof of a valid assessment." United States v. Chila, 871 F.2d 1015, 1018 (11th Cir. 1989) (quoting United States v. Dixon, 672 F.Supp. 503, 506 (M.D. Ala. 1987), aff'd, 849 F.2d 1478 (11th Cir. 1988)). "Once the United States has established that its assessments are valid through the submission of Certificates of Assessment, the burden then shifts to the taxpayer to show that the government's assessments were arbitrary or incorrect." United States v. Charboneau, No. 5:04-cv-442-Oc-10GRJ, 2006 WL 2346280, at *3 (M.D. Fla. July 18, 2006) (citing Bar L Ranch, Inc. v. Phinney, 426 F.2d 995, 999 (5th Cir. 1970)).[1]

Given that the United States has submitted all required documentation to establish that its assessments against Mr. Michael are valid and enforceable, and given that Mr. Michael has

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the Fifth Circuit rendered prior to October 1, 1981. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

failed to present any evidence that the tax assessments were arbitrary or incorrect, the Court finds that the tax assessments against Mr. Michael for the tax years 1992, 1993, and 1994 are valid and enforceable, and that the United States is entitled to judgment for the outstanding tax assessments against Mr. Michael for those tax years.

### III. CONCLUSION

For the foregoing reasons, the United States' Motion for Partial Summary Judgment as to the outstanding income tax assessments against Mr. Michael is **GRANTED**. Mr. Michael is indebted to the United States in the amount of $272,792.93 as of October 31, 2006, plus interest and statutory additions from that date. The Clerk of the Court is directed to **ENTER JUDGMENT** accordingly.

**DONE** and **ORDERED** in Orlando, Florida on this 7 day of June, 2007.

_____
G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties